T.C. Memo. 2019-153

UNITED STATES TAX COURT

RONALD SYLVESTER SULLIVAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4619-18L.                    Filed November 19, 2019.

Ronald Sylvester Sullivan, pro se.

<u>Scott A. Hovey</u> and <u>Jeffrey E. Gold</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case petitioner seeks

review pursuant to section 6330(d)[1] of the determination by the Internal Revenue

_____

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

**[*2]** Service (IRS or respondent) to uphold the issuance of a notice of intent to levy. The IRS initiated the collection action with respect to petitioner's Federal income tax liabilities for 2012 and 2013. Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that the determination to sustain the proposed collection action was proper as a matter of law. We agree and accordingly will grant the motion.

<u>Background</u>

The following facts are based on the parties' pleadings and respondent's motion papers, including the attached declarations and exhibits. <u>See</u> Rule 121(b). Petitioner resided in Massachusetts when he filed his petition.

Petitioner is a clinical professor of law at Harvard Law School and the faculty director of the Harvard Trial Advocacy Workshop and the Harvard Criminal Justice Institute. He did not file a Federal income tax return for 2012 or 2013; IRS records indicate that he likewise failed to file returns for 2005-2011. For 2012 and 2013 the IRS prepared substitutes for returns (SFRs) that met the requirements of section 6020(b).

The IRS issued petitioner notices of deficiency for 2012 and 2013 on the basis of the SFRs. Both notices were sent by certified mail and addressed to him at 1338 Commonwealth Ave., West Newton, Massachusetts 02645 (Newton ad-

[*3] dress).  The notice of deficiency for 2013 was returned to the IRS as undeliverable.

Petitioner did not petition this Court with respect to either notice.  Accordingly, on September 7, 2015, and August 29, 2016, respectively, the IRS assessed the tax as determined for each year.  Petitioner did not pay these liabilities upon notice and demand for payment.

On May 5, 2017, in an effort to collect these outstanding liabilities, the IRS issued petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice).  The levy notice was addressed to him at Harvard College, Winthrop House, 32 Mill St., Cambridge, MA 02138 (Winthrop House address).[2]  As of the date of that notice, petitioner's aggregate outstanding liability for 2012 and 2013 was $1,231,775.  The bulk of this assessed liability, for 2013, appears to be attributable to petitioner's sale during 2013, for $1,865,000, of his former residence at the Newton address.

Petitioner timely filed Form 12153, Request for a Collection Due Process or Equivalent Hearing, listing his address as the Winthrop House address.  He

_____

[2]It appears that petitioner at that time was the faculty dean (formerly called the "Master") of Winthrop House, a residential facility within Harvard College.  See Harvard Law School, Faculty Profiles, Ronald S. Sullivan Jr., https://hls.-harvard.edu/faculty/directory/10870/Sullivan/ (last visited November 14, 2019).

**[\*4]** checked the box captioned "I cannot pay balance." Referring to the 2013 liability in particular he stated: "I did not (nor have I ever made) enough money to justify a $1.2M tax."

On July 3, 2017, the IRS sent petitioner a letter, addressed to his Winthrop House address, acknowledging receipt of his hearing request. The letter advised him that, to be eligible for a collection alternative, he would need to file Federal income tax returns for 2012-2015 and supply a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. He did not respond to this letter and did not supply any of the requested documents.

The case was assigned to a settlement officer (SO) in the IRS Appeals Office in Boston, Massachusetts. The SO reviewed the administrative file, confirmed that the tax liabilities in question had been properly assessed, and verified that all other requirements of law and administrative procedure had been satisfied. On October 11, 2017, the SO sent petitioner a letter--again mailed to his Winthrop House address--scheduling a telephone CDP hearing for November 21, 2017. The letter reminded petitioner that the IRS could consider a collection alternative only if he became current in his Federal tax obligations and supplied the requested financial information. Petitioner failed to call in for the scheduled hearing and provided no tax returns or financial data.

**[*5]**   On November 21, 2017, the SO sent petitioner a "last chance" letter advising that, if he provided no additional information within 14 days, she would make a determination on the basis of the administrative file.  Petitioner did not respond to this letter.  On February 5, 2018, having received no communication of any kind from petitioner during the previous nine weeks, the SO closed the case and issued a notice of determination sustaining the levy notice.

On March 6, 2018, petitioner timely petitioned this Court for redetermination, listing his address as the Winthrop House address.  He stated that he disagreed with the IRS determination because:  (1) he had "[n]o notice of Appeals hearing or pre-hearing meetings," (2) he had "[n]o notice of IRS filed tax returns or opportunity to correct," and (3) it was impossible that he "owed the amount described given * * * [his] salary."

On March 29, 2019, the parties jointly moved for a continuance of trial.  Respondent took the position that petitioner had not properly preserved, during the CDP hearing, the issue of his underlying tax liability for 2012 or 2013.  But respondent expressed hope that, if petitioner provided an accounting of what he believed his proper tax liabilities for those years to be, the parties might be able to resolve the case without the need for trial.

**[\*6]**   On April 2, 2019, we granted a continuance and directed petitioner to "provide to counsel for respondent, on or before June 15, 2019, a statement showing all income he received for tax years 2012 and 2013 and the dollar amount of each deduction to which he believes he is entitled for each year."  Petitioner supplied no documents to respondent by June 15, 2019.  On June 24, 2019, respondent's counsel notified petitioner that he intended to file a motion for summary judgment.  Petitioner stated that he would provide documents "by week's end," i.e., by June 28, 2019.  He supplied no documents to respondent by that date or subsequently.

On July 31, 2019, respondent filed a motion for summary judgment.  On August 1, 2019, we directed petitioner to file a response to the motion by September 3, 2019.  Our order warned him that, "under Rule 121(d), judgment may be entered against a party who fails to respond to a Motion for Summary Judgment."  He filed no response.

## Discussion

### A.   Summary Judgment Standard

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter

**[\*7]** of law. Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. <u>Sundstrand Corp.</u>, 98 T.C. at 520. However, the nonmoving party may not rest upon mere allegations or denials of his pleadings but instead must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); <u>see</u> <u>Sundstrand Corp.</u>, 98 T.C. at 520.

Because petitioner did not respond to the motion for summary judgment, we could enter decision against him for that reason alone. <u>See</u> Rule 121(d). We will nevertheless consider the motion on its merits. We conclude that no material facts are in genuine dispute and that this case is appropriate for summary adjudication.

B.    <u>Standard of Review</u>

Section 6330(d)(1) does not prescribe the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. But our case law tells us what standard to adopt. Where the validity of the taxpayer's underlying tax liability is properly at issue, we review the IRS' determination de novo. <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000). Where the taxpayer's underlying liability is not before us, we review the IRS decision for abuse of discretion only. <u>See</u> <u>id.</u> at 182. Abuse of discretion exists when a determina-

**[\*8]** tion is arbitrary, capricious, or without sound basis in fact or law. Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

C.    Underlying Liability

A taxpayer may raise a CDP challenge to the existence or amount of his underlying tax liability if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity" to challenge it. Sec. 6330(c)(2)(B). Petitioner does not dispute that the notices of deficiency for 2012 and 2013, which were sent by certified mail to his Newton address, were properly mailed to his "last known address." Sec. 6212(b)(1). But he contends that he did not receive either notice, and the administrative record indicates that the notice for 2013 was in fact returned to the IRS as undeliverable. For purposes of ruling on respondent's motion, we will assume arguendo that petitioner did not receive either notice of deficiency. See Campbell v. Commissioner, T.C. Memo. 2019-127, at \*11.

If petitioner did not receive the notices of deficiency, he was entitled to dispute at the CDP hearing his underlying liabilities for 2012 and 2013. But this right carried with it certain obligations on his part. A taxpayer is precluded from challenging his underlying liability in this Court "if it was not properly raised in the CDP hearing." Thompson v. Commissioner, 140 T.C. 173, 178 (2013); see

[*9] Giamelli v. Commissioner, 129 T.C. 107, 114 (2007). "An issue is not properly raised if the taxpayer fails * * * to present to Appeals any evidence with respect to that issue after being given a reasonable opportunity." Moriarty v. Commissioner, T.C. Memo. 2017-204, 114 T.C.M. (CCH) 441, 443 (quoting section 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.), aff'd, 2018 WL 4924349 (6th Cir. 2018); see Obeirne v. Commissioner, T.C. Memo. 2018-210, at *9.

The IRS determined petitioner's 2012 and 2013 liabilities by preparing SFRs on the basis of third-party reporting. When initially acknowledging his hearing request, the IRS invited him to submit tax returns for 2012 and 2013, stating what he believed his correct tax liabilities for those years to be. He declined that invitation.

Petitioner had further opportunities to submit evidence relevant to his underlying tax liabilities before or during the CDP hearing on November 21, 2017. The SO notified him of that hearing by letter sent to his Winthrop House address-- the same address he used when submitting his CDP hearing request and filing his petition with this Court. He declined to participate in that hearing or otherwise communicate with the SO.

**[\*10]** After petitioner failed to call in for the CDP hearing, the SO sent him a "last chance" letter affording him an additional two weeks to provide any information he wished her to consider. Again he submitted nothing. Because he supplied no evidence relevant to his underlying tax liabilities despite being given multiple opportunities to do so, he did not advance a proper challenge to those liabilities at the Appeals Office. He is thus precluded from advancing that challenge in this Court. See Thompson, 140 T.C. at 178; Giamelli, 129 T.C. at 114; sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. We accordingly review the SO's action for abuse of discretion only. Goza, 114 T.C. at 182.[3]

D.    Abuse of Discretion

In deciding whether the SO abused her discretion in sustaining the proposed levy we consider whether she: (1) properly verified that the requirements of applicable law or administrative procedure had been met, (2) considered any relevant

_____

[3]The SFR for 2013, based as it was on third-party reporting, may have included in petitioner's taxable income for 2013 the gross proceeds he received from sale of his residence. If so, petitioner could have supplied the SO with evidence that might have reduced his tax liability for 2013, e.g., by establishing his "cost or adjusted basis" in that property. See sec. 1012. But petitioner simply refused to participate in the process and supplied no evidentiary material of any sort. As the faculty director of the Harvard Trial Advocacy Workshop, petitioner presumably appreciated that a failure to submit evidence may have adverse consequences. One of those consequences here is that he is foreclosed from disputing his underlying tax liability for 2013 in this Court.

[*11] issues petitioner raised, and (3) considered "whether any proposed collection action balance[d] the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." See sec. 6330(c)(3). Our review of the record establishes that the SO properly discharged all of her responsibilities under section 6330(c).

Petitioner asserts that he had "[n]o notice of Appeals hearing or pre-hearing meetings," but he adduces no factual support for that assertion. When requesting the CDP hearing, he listed as his address the Winthrop House address. That remained his address throughout the period of Appeals Office consideration, because he listed the Winthrop House address as his address when petitioning this Court. The SO mailed the letter scheduling the CDP hearing to his Winthrop House address. And she sent two other requests for information to him at that address. There is no indication in the administrative record that any of these letters was returned to the IRS as undeliverable.

Petitioner raised no other relevant issues. He submitted no offer of a collection alternative and supplied no financial information requisite to consideration of a collection alternative. He was not in compliance with his ongoing tax filing obligations, and the SO could properly have rejected any proposed collection alterna-

[*12] tive on that ground alone.  See Hull v. Commissioner, T.C. Memo. 2015-86, 109 T.C.M. (CCH) 1438, 1441.

Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and sustain the proposed collection action.  We note that petitioner is free to submit to the IRS at any time, for its consideration and possible acceptance, a collection alternative in the form of an offer-in-compromise or an installment agreement, supported by the necessary financial information.

To reflect the foregoing,

An appropriate order and decision will be entered for respondent.